**United States Bankruptcy Court**
**District of Puerto Rico**

IN RE:                                                   Case No. _____

CASTRO NIEVES, GILBERTO & MUNOZ VINUEZA, LILIA MARIA     Chapter **13**
                            Debtor(s)

## CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☑ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

PLAN DATED: **2/28/2010**                         ☐ AMENDED PLAN DATED: _____
☑ PRE ☐ POST-CONFIRMATION            Filed by: ☐ Debtor ☐ Trustee ☐ Other

### I. PAYMENT PLAN SCHEDULE

| $ | 500.00 | x | 18 | = $ | 9,000.00 |
|---|---|---|---|---|---|
| $ | | x | | = $ | |
| $ | | x | | = $ | |
| $ | | x | | = $ | |
| $ | | x | | = $ | |

                               TOTAL: $    9,000.00

Additional Payments:
$ **300,000.00** to be paid as a LUMP SUM within **18 months** with proceeds to come from:

☑ Sale of Property identified as follows:
**OF URB. SAN FRANCISCO, 145 TULIPAN, SAN JUAN PR WITHIN 18 MONTHS FROM FILING.**

☐ Other:

Periodic Payments to be made other than, and in addition to the above:
$ _____ x _____ = $ _____

         PROPOSED BASE: $    **309,000.00**

### III. ATTORNEY'S FEES
(Treated as § 507 Priorities)

Outstanding balance as per Rule 2016(b) Fee Disclosure Statement: $    **1,000.00**

Signed: **/s/ GILBERTO CASTRO NIEVES**
           Debtor

        **/s/ LILIA MARIA MUNOZ VINUEZA**
           Joint Debtor

### II. DISBURSEMENT SCHEDULE

A. ADEQUATE PROTECTION PAYMENTS OR \_\_\_\_ $ _____
B. SECURED CLAIMS:
☐ Debtor represents no secured claims.
☑ Creditors having secured claims will retain their liens and shall be paid as follows:
1. ☐ Trustee pays secured ARREARS:
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____

2. ☐ Trustee pays IN FULL Secured Claims:
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____

3. ☐ Trustee pays VALUE OF COLLATERAL:
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____

4. ☑ Debtor SURRENDERS COLLATERAL to Lien Holder:
**BANCO POPULAR D     BANCO POPULAR D**

5. ☐ Other: _____

6. \_\_ Debtor otherwise maintains regular payments directly to:
_____

C. PRIORITIES: The Trustee shall pay priorities in accordance with the law. 11 U.S.C. § 507 and § 1322(a)(2)
D. UNSECURED CLAIMS: Plan ☐ Classifies ☑ Does not Classify Claims.
1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: _____
                ☐ Paid 100% / ☐ Other: _____
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____

2. Unsecured Claims otherwise receive PRO-RATA disbursements.

OTHER PROVISIONS: *(Executory contracts; payment of interest to unsecureds, etc.)*
**See Continuation Sheet**

Attorney for Debtor **JIMENEZ - QUINONES LAW OFFICES**        Phone: **(787) 282-9009**

CHAPTER 13 PAYMENT PLAN

1. US BANK NATIONAL ASSOC., SERVICED BY BANCO POPULAR DE PR (1ST MORTGAGE) AND BANCO POPULAR, HOLDING A LINE OF CREDIT GUARANTEED WITH A 2ND MORTGAGE, WILL BE PAID DIRECTLY TO CREDITORS BY DEBTORS UPON THE SALE OF THE URB. SAN FRANCISCO PROPERTY, AS WILL ALSO BE PAID SECURED CREDITORS CRIM & UNDARE.

2. DEBTORS LIFT THE STAY IN FAVOR OF US BANK NATIONAL AND BANCO POPULAR PR, (1ST & 2ND MORTGAGES), CRIM AND UNDARE AS TO THE URB. SAN FRANCISCO PROPERTY, UP TO THE POINT OF SALE. ALSO, DEBTORS WILL ACTIVELY PURSUE THE SALE OF THE URB. SAN FRANCISCO PROPERTY BEFORE SUCH CREDITORS DO.

3. SHALL DEBTORS SELL THE URB. SAN FRANCISCO PROPERTY, THEY WILL DEVOTE ALL THE NET PROCEEDS TO PAY UNSECURED CREDITORS THROUGH THE PLAN AT THE RATE OF 100% + 6% PRESENT VALUE.

4. THE STAY IS HEREBY LIFTED BY DEBTORS IN FAVOR OF R&G MORTGAGE IN CONNECTION WITH THE PROPERTY OF EXT. ROOSEVELT DEVELOPMENT, PAID BY DEBTORS' SON ALEJANDRO.

5. THE STAY IS HEREBY LIFTED IN FAVOR OF POPUAR AUTO IN CONNECTION WITH THE TOYOTA CAMRY VEHICLE, PAID BY DEBTOR'S DAUGHTER CRISTINA.

6. ANY INCOME TAX REIMBURSEMENTS DURING THE LIFE OF THE PLAN WILL BE DEVOTED TO FUNDING THE PLAN, IN ADDITION TO THE TOTAL BASE, WITHOUT THE NEED TO FURTHER MODIFY THE PLAN. SHALL DEBTORS NEED TO USE SUCH MONIES, THEY SHALL REQUEST THE PRIOR AUTHORIZATION OF THE COURT.