# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 10-01579 (ESL) |
| GILBERTO CASTRO NIEVES<br>LILIA M. MUÑOZ VINUEZA | Chapter 13 |
| Debtors | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN DATED 2/28/2010**

TO THE HONORABLE COURT:

COMES NOW, Plaza Las Américas, Inc., ("PLA") through its undersigned attorney, and respectfully shows and prays:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 USC 1324. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(L). Proper venue of this Court to consider this matter is based on the provisions of 28 U.S.C. §1408 and §1409.

## FACTUAL AND PROCEDURAL BACKGROUND

2. Plaza Las Americas, Inc., ("PLA") is the owner and operator of Plaza Las Américas Shopping Center, in Hato Rey, San Juan, Puerto Rico ("the Shopping Center").

3. On or about May 30, 2000, Gilberto Castro, as Tenant, and Plaza Las Americas, Inc., as Landlord, entered into a lease agreement ("the Lease Agreement"), under the terms of which, Tenant leased and entered in possession of a space in the Shopping Center with an area of approximately 780 square feet, referred to as "Space Number 115" ("the Leased "Premises") for the operation of a business for the specific permitted use indicated in the Lease. On that same date, Gilberto Castro Nieves and Lilia M. Muñoz Vinueza executed a Guaranty of Lease ("the Guaranty Agreement").

4. Prior to the filing of the petition, upon Debtors defaulting in the

performance of their obligations under the Lease Agreement and the Guaranty Agreement, PLA filed a complaint against Mr. Gilberto Castro Nieves and Lilia M. Muñoz Vinueza, as Defendants, before the Court of First Instance of the Commonwealth of Puerto Rico, which case was assigned number KPE 08-0928(903) ("the Civil Case").

5. On June 9, 2008. the Court of First Instance entered an amended Judgment ("Sentencia Enmendada") in favor of Plaza Las Américas, Inc., granting the relief requested by PLA against Debtors ("the Judgment").

6. On November 13, 2008, Debtors and PLA entered into a settlement agreement ("Contrato de Transacción y Acuerdo de Pago") outlining the terms under which Debtors would satisfy the Judgment.

7. On February 28, 2010, Gilberto Castro Nieves and Lilia M. Muñoz Vinueza filed a petition for relief under Chapter 13 of the Bankruptcy Code ("the Petition").

8. As of the date of the filing of the Petition, the balance due by Debtors to PLA amounted to $58,069.64.

9. As it appears from the records of the Registry of the Property of Puerto Rico, Third Section of San Juan, Puerto Rico, on May 14, 2009, PLA recorded the Judgment in its favor in said Registry.

10. By recording the Judgment in the Registry of the Property, PLA perfected a lien upon all the immovable property of the defendants and upon the immovable property which the defendants may thereafter acquire in such district, Debtors in this Bankruptcy case, not exempt from execution, situated in the district where such abstract is recorded, and upon the immovable property which the defendant or defendants may thereafter acquire in such district, and such lien shall be of like nature and preference as those mentioned in subsection (5) of § 5193 of Title 31." Consequently, on the date of the filing of the petition by Debtors, PLA was a secured creditor of Debtors.

> " *§ 1806. Recorded judgment as lien on real property*
> *When a judgment has been recorded and indexed, as provided for in the preceding sections, it shall at once operate as a lien upon all the immovable property of the defendant or defendants, not exempt from execution, situated in the district where such abstract is recorded, and upon the immovable property which the defendant or defendants may thereafter acquire in such district, and such lien shall be of like nature and preference as those mentioned in subsection (5) of § 5193 of Title 31."*
> <u>30 L.P.R.A. 1086.</u>

11. On April 19, 2010, PLA filed a Proof of Claim in this case which was assigned Number 12 in the Claims Register of this case. Plaza claimed secured status. True and exact copy of the Proof of Claim, together with its Exhibits, is incorporated herein by reference.

## THE CHAPTER 13 PLAN DATED 2/28/2010 PROPOSED BY DEBTORS

12. Debtors filed a Chapter 13 Plan dated 2/28/2010 ("the Chapter 13 Plan"). For the reasons stated below, Plaza Las Américas, Inc., respectfully objects to the confirmation of the same.

13. In the "Disbursement Schedule" of the Chapter 13 Plan, Debtors state that Creditors having secured claims will retain their liens and indicate the way in which said creditors' claim will be satisfied. However, Debtors do not include the secured claim of Plaza Las Americas, Inc., in their listing under this section; therefore, excluding the same. "*Inclusio Unius Est Exclusio Alterius*". The inclusion of one is an absolute exclusion of all others. Black Law Dictionary, Fourth Edition.

14. By not including in the Chapter 13 Plan the value of the property to be distributed under the plan on account of PLA's allowed secured claim, the Chapter 13 Plan does not comply with the provisions of Section 1325(a)(5) and, consequently may not be confirmed.

> "*Section 1325(a)(5)(B) also requires that the value of the property to be distributed under the plan on account of the allowed secured claim is not less than the amount of the allowed secured claim, as of the effective date of the plan.*" In re Ibarra, 235 B.R. 204, 213 (Bankr. D.P.R. 1999).

> "*We therefore hold that the conditions set forth in § 1325(a) are requirements the debtor must satisfy to qualify a Chapter 13 plan for confirmation. As a result, when a secured creditor objects to confirmation because the plan does not comply with § 1325(a)(5)--as is the case here-- the bankruptcy court may not confirm the plan unless it meets the requirements of that subsection.* Shaw v. Aurgroup Fin. Credit Union, 552 F.3d 447, 456-457 (6th Cir. 2009).

15. In the same Disbursement Schedule, Debtors indicate that *"Debtor Surrenders Collateral to Lien Holder Banco Popular"*. Nevertheless, Debtors do not describe at all the collateral that they will be surrendering to the lienholder nor state the value of the same nor the amount of the claim secured by said unidentified collateral. In other words, Debtors do not put other creditors and parties in interest in a position to express themselves in regard to the matter.

16. In the Continuation Sheet of the Chapter 13 Plan, Debtors indicate that certain line of credit will be paid directly to creditors holding the same by Debtors, upon the sale of the Urb. San Francisco Property. They also indicate that the stay will be lifted in favor of certain secured creditors up to the point of sale and that Debtors will actively pursue the sale of the Urb. San Francisco Property before such creditors do. Debtors do not explain the grounds for accepting that the stay be lifted and what will be the benefit of said action to the estate and to the creditors. Debtors also state that *"Shall Debtors sell the Urb. San Francisco Property, they will devote all the net proceeds to pay unsecured creditors through the plan at the rate of 100% + 6% present value."* All of the foregoing is completely contradictory with the surrendering of a collateral that has not been identified at all.

17. In addition to the above, by Debtors proposing to pay the general unsecured creditors at the rate of 100%, without even considering PLA's secured claim, Debtors are in violation of the Absolute Priority Rule.

> *"The absolute priority rule; applicable to all bankruptcy proceedings, including reorganization, would require that each class in descending rank receive full and complete compensation before the next class could be paid. United States v. Key, 397 U.S. 322 [90 S. Ct. 1049, 25 L. Ed. 2d 340] (1970); Consolidated Rock Products Co. v. Dubois, 312 U.S. 510 [61 S. Ct. 675, 85 L. Ed. 982] (1941).* <u>"In re Agregados de Manati, Inc., 357 F. Supp. 1263, 1269 (D.P.R. 1973).</u>

18. In view of the foregoing, the Chapter 13 dated 2/28/2010, proposed by Debtors, does not comply with the provisions of Section 1325 the Bankruptcy Code and, as a matter of law, may not be confirmed.

19. Section 1325 of the Bankruptcy Code (11 USC 1325) in its pertinent part, states:

*"§ 1325.  Confirmation of plan*

*(a) Except as provided in subsection (b), the court shall confirm a plan if--*
   *(1) the plan complies with the provisions of this chapter [11 USCS §§ 1301 et seq.] and with the other applicable provisions of this title [11 USCS §§ 101 et seq.];*
   *(2) any fee, charge, or amount required under chapter 123 of title 28 [28 USCS §§ 1911 et seq.], or by the plan, to be paid before confirmation, has been paid;*
   *(3) the plan has been proposed in good faith and not by any means forbidden by law;*
   *(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title [11 USCS §§ 701 et seq.] on such date;*
   *(5) with respect to each allowed secured claim provided for by the plan--*
     *(A) the holder of such claim has accepted the plan;*
      *(B) (I) the plan provides that–*
         *(I) the holder of such claim retain the lien securing such claim until the earlier of--*
                *(aa) the payment of the underlying debt determined under nonbankruptcy law; or*
               *(bb) discharge under section 1328 [11 USCS § 1328]; and*
              *(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;*
               *(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and*
           *(iii) if--*
            *(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and*
               *(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or*
       *( c ) the debtor surrenders the property securing such claim to such holder;*
    *(6) the debtor will be able to make all payments under the plan and to comply with the plan;*

*(7) the action of the debtor in filing the petition was in good faith;*

*(8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and*

*(9) the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308 [11 USCS § 1308].* [Bold emphasis supplied].

WHEREFORE, based on the foregoing, Plaza Las Américas, Inc., objects to the confirmation of the Chapter 13 Plan dated 2/28/2010, proposed by Debtors, and, based on the reasons stated above, it is respectfully requested that the same not be confirmed and grant the appearing party such further relief as is just and fair.

Respectfully submitted.

In San Juan, Puerto Rico, this 19th day of April, 2010.

CERTIFICATE OF SERVICE:

I HEREBY CERTIFY: That on this same date, I electronically filed the foregoing motion with the Clerk of this Court using the CM/ECF System which will send notification of such filing to all CM/ECF participants registered in this case as follows:

(Space left in blank, document continues on next page.)

| | |
|---|---|
| Carlos G. Batista Jimenez on behalf of Creditor Banco Popular De Puerto Rico cbatista@pdvl.com | Alejandro Oliveras Rivera aorecf@ch13sju.com |
| Jose L Jimenez Quiñones on behalf of Debtor Gilberto Castro Nieves jljimenez11@gmail.com, jimenezlawoffice@gmail.com | Francisco J Portuondo Diaz on behalf of Creditor Banco Bilbao Vizcaya Argentaria carmene.rodriguez@bbvapr.com |
| Monsita Lecaroz Arribas ustpregion21.hr.ecf@usdoj.gov | Jorge Andres Rodriguez Fraticelli on behalf of Creditor R&G Mortgage Corporation jf@cardonalaw.com |
| | Ramón Torres Rodriguez on behalf of Creditor Plaza Las Americas, Inc. rtorres@torresrodlaw.com, secrtlaw@torresrodlaw.com |

I ALSO HEREBY CERTIFY that on this same date, I mailed true and exact copy of this document, via First Class Mail, Postage Prepaid, United States Postal Service, to the following non CM/ECF participants:

| | |
|---|---|
| Gilberto Castro Nieves PO Box 79724 Carolina, PR 00984-0724 | Lilia María Muñoz Vinueza PO Box 79724 Carolina, PR 00984-0724 |

(Space left in blank, document continues on next page.)

                                                      s/Ramón Torres Rodríguez
                                                     RAMON TORRES RODRIGUEZ
                                                     USDC - PR 120110
                                                     Attorney for Plaza Las Américas, Inc.
                                                     PO Box 361163
                                                     San Juan, PR 00936-1163
                                                     Tels.  (787)  767-5410
                                                     Fax:   (787) 759-6340
                                                     e-mail: rtorres@torresrodlaw.com

PLA-GILBERTO CASTRO NIEVES- OBJECTION TO PLAN- V2.wpd
C3